Julian Hertz, J.
Defendants were charged with the crimes of possession of burglar’s tools (Penal Law, § 140.35), attempted petit larceny (Penal Law, §§ 110.00, 155.25) and resisting arrest (Penal Law, § 205.30). Trial commenced in the beginning of October, 1974. At the trial, there was testimony to the effect that the defendants, on June 6, 1974, in front of 2 Broadway, in New York City, attempted to take a bicycle by partially severing its protective chain with a bolt cutter. However, there was further testimony that a third person spoke to them at the scene of the alleged attempted crime and that after a brief discussion, defendants abandoned their attempt to steal the bicycle.
At the conclusion of the testimony, defense counsel requested the court to charge the jury that renunciation, an affirmative defense (Penal Law, § 40.10), is a defense to both the crime of possession of burglar’s tools as well as to attempted petit larceny. The court charged the jury as to renunciation with regard to attempted petit larceny, but refused to do so as to the charge of possession of burglar’s tools.
Defendants were found guilty of the crime of possession of burglar’s tools and not guilty of attempted petit larceny and resisting arrest.
Defendants now move to set aside the verdict of guilty on the ground that the court erred in refusing to charge the affirmative defense of renunciation in connection with the crime of *23 possession of burglar’s tools, although, as aforestated, that defense was charged with respect to attempted petit larceny. Defendants contend the following: in order to find the bolt cutters admittedly possessed by them to have been burglar’s tools, they must have intended to use the cutters to commit a larceny. Since defendants can be excused from liability (as permitted by law and as the jury may have found) because they abandoned their intent to commit the petit larceny, then they likewise abandoned their intent to use the instrument to commit the crime of possession of burglar’s tools.
The statute in question (Penal Law, § 40.10) convinces the court that it correctly refused to charge renunciation as a defense to possession of burglar’s tools. Section 40.10 describes only four instances where renunciation is a defense to a criminal act. These comprehend offenses in which a defendant’s guilt depends upon his liability for the conduct of another, criminal facilitation, an attempt to commit a crime pursuant to section 110.00, and criminal solicitation. There is nothing in the statute authorizing a charge that renunciation is a defense to the crime of possession of burglar’s tools.
However, the application of the statute troubles the court. Defendants pleaded renunciation as a defense to all charges (except resisting arrest) and were acquitted by the jury to the extent stated. Since no other defense was interposed and defendants admitted the acts prerequisite to a conviction for attempted petit larceny, it requires little in the way of speculation to lead to the conclusion that the jury accepted the defense of renunciation. From their conviction of possession of burglar’s tools (a class A misdemeanor) it is readily apparent that the probable acceptance by the jury of defendants ’ defense of renunciation netted them very little. Furthermore, since it is apparent that the Legislature was breaking new ground when it enacted the section authorizing the defense of renunciation in 1967 (thereby manifesting recognition of the potential for a timely change of heart), it is troublesome to observe that these defendants, having abandoned their attempt to steal, nevertheless were convicted of possession of burglar’s tools, perhaps because the court was required to deny their applications to charge the jury that renunciation was a defense to that crime. Nonetheless, the court is of the opinion that a proper interpretation of .section 40.10 did not allow for the requested charge of possession of burglar’s tools. If the court is correct in this interpretation of the statute, then it is for the Legislature to consider whether the section should be amended to allow the *24 defense of renunciation for the crime of possession of burglar’s tools, and, perhaps, other changes.
For the reasons enumerated above, defendants’ motion to set aside the verdict is denied.